IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

THERESA BUSZTA, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY
SITUATED,

  Plaintiff,

v.                                                                        Case No. 1:18cv593

QUALITY MIDWESTERN HOLDINGS,
INC., D/B/A "QUALITY SERVICES
MOVING" AND EDWARD GRAVES,

  Defendant.

### MEMORANDUM IN SUPPORT OF JOINT MOTION
### FOR APPROVAL OF SETTLEMENT AND
### TO DISMISS THIS CASE WITH PREJUDICE

COMES NOW Plaintiff THERESA BUSZTA individually ("Plaintiff") and Defendants QUALITY MIDWESTERN HOLDINGS, INC. d/b/a/ "QUALITY SERVICES MOVING" and EDWARD GRAVES ("Defendants"), by and through undersigned counsel, and in support of the Joint Motion seeking Court approval of their settlement reached in this litigation and request that the Court dismiss this case with prejudice pursuant to Fed.R.Civ.P. 41(a)(2) state as follows:

**Claims/Defenses**

1. Plaintiff filed this case seeking damages from Defendants for alleged violations the Fair Labor Standards Act ("FLSA"). Specifically, the Amended Complaint in this matter alleged violations of the overtime wage requirements.

2. Plaintiff claimed that she and other similarly situated worked for Defendants at various times for various rates of pay. The Amended Complaint alleged that Plaintiff and others were paid less than the amounts required by federal law.

1

3. The Plaintiff filed the complaint on May 17, 2018 and after service, the Defendants moved to dismiss the complaint. After the motion to dismiss was resolved the parties engaged in extensive discovery into the time the Plaintiff alleged she was not paid. The topics in dispute were many. The topics in dispute included the exemption status of the Plaintiff, the amounts paid to the Plaintiff, the amount of hours the Plaintiff worked and the applicability of the law to these claims.

### Preliminary Discovery and Reasons for Settlement

4. The parties engaged in discussions simultaneous to the participation in discovery. The parties by counsel exchanged correspondence, exchanged documents and had many phone conversations about these documents of times and discussed the case, the defenses and the claims. Discovery was handled formally; and the Defendants provided hundreds of pages of documents which were reviewed and relied upon as the parties explored a resolution. The parties exchanged sworn interrogatory answers and discussed potential outcomes with candor.

5. The parties recognized there were risks in continuing with the litigation to both sides.

6. Under such circumstances, the parties concluded that a prudent course of action was to seek a fair and reasonable settlement of the Plaintiff's claims.

### The Parties Seek Approval of the Settlement as Fair and Reasonable

7. The parties will entered into a Settlement Agreement and will not disburse any funds until approval of this motion.

8. Regarding the settlement of FLSA claims, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16, 66 S. Ct. 925, 90

L. Ed. 1114, (1946)). However, "[c]laims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court." *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2007).

9. Factors that a court weighs when considering approval of a FLSA settlement include: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel who have represented the plaintiff; 5) the probability of plaintiff's success on the merits; and 6) the amount of settlement in relation to the potential recovery. *Patel v. Barot,* 15 F.Supp.3d 648, 656 (E.D.Va. 2014).

10. In this case, the parties conducted significant paper discovery. Pay sheets, time records and other documents were exchanged and reviewed, but there were not actual time records for the alleged off-the-clock work performed by Plaintiff. Defendants did have other written records which they contend contradicted the Plaintiff's claims regarding nonpayment of wages. Wage cases such as this one are "paper driven" and the cases often revolve on the recollection of the Plaintiff.[1] Notably, significant time was spent by the Plaintiff and the

---

[1] Significantly, in cases like this one, the employee enjoys a lenient burden of proof. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). As the Supreme Court held in *Anderson*,

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer . . . . If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. . . . It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. 328 U.S. at 687-88.

Thus, Plaintiffs in FLSA litigation must only show the amount and extent of their improperly compensated work "as a matter of just and reasonable inference." *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). An employee's testimony as to his recollection of the hours he worked

3

Defendants in developing the precise basis for damages. Therefore, the parties were provided with enough information to weigh the strengths and weaknesses of their positions; and were able to a settle the case prior to incurring additional litigation expenses which, given the amount of recovery sought and probable recovery, benefitted both of the parties.

11. There was no fraud or collusion involved in the settlement. Counsel for both parties are experienced FLSA and employment litigators. Counsel engaged in arms-length negotiations to come to a resolution. Indeed, the candor of both counsel with respect to the merits of their clients' positions greatly aided the prompt and fair settlement of these claims at the earliest possible stage. This is significant because in cases involving modest amounts, such as this case, often times the legal fees can dwarf the actual recovery, which causes entrenchment on both sides, making resolution more difficult.

12. The Plaintiff will receive $8,000 from this settlement for unpaid wages and liquidated damages. This represents the full value of her claims.

13. Plaintiff incurred $1,050 in costs. These costs were for the filing fee ($400) and the multiple attempts to serve the Defendants ($500) and two *pro hac vice* motions which were unopposed and granted ($150).

14. Regarding the attorney's fees, Plaintiff's' counsel incurred approximately fifty (50) hours of legal fees in this matter. At the rates proscribed by the *Vienna Matrix* and at the rates approved by this court and other courts for the Plaintiff's counsel, Plaintiff's counsel is entitled to a fee award of approximately $25,000. However, the Plaintiff recognize that some of this work was related to the unsuccessful motion for certification; and that the need of the client are paramount. Counsel for the Plaintiff have agreed to accept $6,950 as legal fees in this matter.

---

and the pay he received is often sufficient to establish a case of wages owed. *Donovan v. Kentwood Development Co., Inc.,* 549 F. Supp. 480, 485 (D. Md. 1982).

This is a steep discount and reflects less than a third of the time actually spent.  As result of reducing these fees, Plaintiff receives what the parties acknowledge and agree to be the full value of her alleged unpaid wages as well as the full value of her liquidated damages.  Had the Plaintiff's' counsel been paid at their full hourly rate for the time incurred, as plead, that would mean that the amount of legal fees and costs would have exceeded the amounts set forth in the settlement by likely tens of thousands of dollars. The decision was made by the Plaintiff's counsel to resolve the matter for a fair amount for the client only, and forgo the opportunity for more legal fees.  This also allowed a savings to the Defendants which allowed them to marshal their assets to reach a resolution, rather than increase litigation costs for both sides.  Plainly put, counsel reduced their fees to serve put the interests of the Plaintiff first.

15. In sum, Plaintiff entered into this settlement freely, without collusion, and the settlement was reached after arms-length negotiations by the parties and their counsel.  Plaintiff is satisfied with the settlement and seek the Court's approval of the settlement as soon as possible.

## Conclusion

16. The parties will draft and circulate for signature a written Settlement Agreement embodying these terms which are fair, including attorney's fees and costs.  The parties do not wish to be returned to contested litigation, and ask that the Court approve the settlement.

17. The parties wish to postpone and/or cancel the final pretrial conference presently scheduled for March 15, 2019.

18. Counsel for the parties jointly waive the request for a hearing, but remain available for a hearing if the Court requests one to ratify the Settlement Agreement.

WHEREFORE, the parties jointly respectfully request that the Court grant this Motion, approve this proposed FLSA Settlement and dismiss this action, with prejudice.

Respectfully submitted,

/s/
Jeremy D. Capps, Esq. VSB 43909
Harman Claytor Corrigan & Wellman
4951 Lake Brook Dr., Suite 100
Glen Allen, VA 23060
Office: 804.747.5200
Fax: 804.212.0859
Email: jcapps@hccw.com
Counsel for Defendants

/s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email : matt@sutterandterpak.com
Counsel for Plaintiffs

/s/
Nicholas A. Migliaccio, Esq.*
Jason S. Rathod, Esq.*
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com
* *Pro hac vice* admission

## **C E R T I F I C A T E**

I hereby certify that on the 12th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Matthew T. Sutter, Esq.
>Sutter & Terpak, PLLC
>7540A Little River Turnpike
>First Floor
>Annandale, VA 22003
>703-256-1800 - Phone
>703-991-6116 - Fax
>matt@sutterandterpak.com
>
>Nicholas A. Migliaccio, Esq.*
>Jason S. Rathod, Esq.*
>Migliaccio & Rathod LLP
>412 H Street N.E., Suite 302
>Washington, D.C. 20002
>Tel: (202) 470-3520
>Fax: (202) 800-2730
>nmigliaccio@classlawdc.com
>jrathod@classlawdc.com
>
>* *Pro hac vice* admission

/s/
Jeremy D. Capps (VSB No. 43909)
Melissa Y. York (VSB No. 77493)
Laura Lee Miller (VSB No. 89412)
Timothy L. Creed (VSB No. 76631)
Attorneys for Quality Midwestern Holdings, Inc., d/b/a "Quality Services Moving" and Edward Graves
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com
lmiller@hccw.com
tcreed@hccw.com